IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY T. BREAM, III                          :
c/o Marino Associates                        :
301 Wharton Street                           :
Philadelphia, PA 19147                       :
                                             :
       Plaintiff         :
   v                                    :   No.
                                             :
THE PENNSYLVANIA STATE                       :
UNIVERSITY                                   :
201 Old Main                                 :
University Park, PA 16802                     :
                                             :
       Defendant         :
_____ :

## COMPLAINT - CIVIL ACTION

AND NOW comes the plaintiff Henry T. Bream, III, by and through counsel, and demands of the defendant The Pennsylvania State University damages for loss sustained, plus interest, costs and damages for prejudgment delay upon the causes of action set forth in the following:

## PARTIES AND RELATED ENTITIES

1.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

2.    Plaintiff Henry T. Bream, III is an adult individual residing in the state of Florida.  Plaintiff may be contacted by and through counsel, Steven F. Marino,

Esquire or Joseph Auddino, Esquire of Marino Associates at 301 Wharton Street, Philadelphia, PA 19147.

3.     Defendant The Pennsylvania State University is a state related, land-grant institution of higher education with campuses and facilities throughout Pennsylvania having a principal office located 201 Old Main, University Park, PA 16802.  At all relevant times material hereto, defendant The Pennsylvania State University was engaged in teaching, research, and public service.  At all relevant times material hereto, defendant The Pennsylvania State University acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.

## JURISDICTION AND VENUE

4.     Plaintiff incorporates by reference the previous paragraphs of the Complaint as if set forth fully hereto.

5.     This Court maintains original jurisdiction over the instant claims pursuant to 28 U.S.C.A. § 1332 as a result of the controversy between the parties exceeding the statutory value, exclusive of interest and costs, and is between citizens of different States.

6.     For the purpose of diversity pursuant to 28 U.S.C.A. § 1332, the plaintiff is a citizen of the state of Florida, defendant The Pennsylvania State University is a citizen of the Commonwealth of Pennsylvania.

7.     Venue of this matter is properly laid in this judicial district pursuant to 28 U.S.C. §1391 upon a basis that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this judicial district.

## THE PLAINTIFF'S EMPLOYMENT AGREEMENT WITH DEFENDANT THE PENNSYLVANIA STATE UNIVERSITY

8.     Plaintiff incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

9.     At all relevant times material hereto plaintiff Henry T. Bream, III was an athletic trainer licensed to practice athletic training in the Commonwealth of Pennsylvania by the State Board of Medicine or the State Board of Osteopathic Medicine assigned license number RT000085A.

10.     Plaintiff Henry T. Bream, III has extensive experience and a decorated career in the field of athletic training, which includes employment with the National Football League team the Chicago Bears for a period of some nineteen (19) years during which time he served as the head athletic trainer for the Chicago Bears.

11.    In or about the calendar year of 2012, defendant The Pennsylvania State University undertook a campaign to recruit and encourage plaintiff Henry T. Bream, III to accept employment offered by defendant The Pennsylvania State University to serve as Director of Athletic Training Services and Head Athletic Trainer of its intercollegiate varsity football program.

12.    On or about February 11, 2012, the plaintiff accepted employment with defendant The Pennsylvania State University to serve as its Director of Athletic Training Services and Head Athletic Trainer of its intercollegiate varsity football team.

13.    The plaintiff's employment relationship with defendant The Pennsylvania State University was governed by a written employment agreement made February 11, 2012, which sets forth the terms of the plaintiff's compensation and other conditions of employment [see Employment Contract dated February 11, 2012, attached hereto and marked Exhibit 1].

14.    The plaintiff's written employment agreement with defendant The Pennsylvania State University provided for a five (5) year term of employment commencing February 15, 2012, and ending February 15, 2017.

15.    The plaintiff's written employment agreement with defendant The Pennsylvania State University provided that the plaintiff was to be paid an annual base salary equal to $180,000.00 payable in equal monthly installments for the

plaintiff's service as the Director of Athletic Training Services and Head Athletic Trainer of its intercollegiate varsity football team.

16.     The plaintiff's written employment agreement with defendant The Pennsylvania State University provided that in addition to compensation the plaintiff was to be entitled to the payment of specific enumerated benefits inclusive of: (1) the use of a vehicle through the Dealer Car Program; (2) payment of the costs of motor vehicle insurance; (3) payment of the costs of  health insurance; (4) payment of the costs of dental insurance; (5) payment of the costs of vision insurance; and (6) payment of the costs the usage of a cellar phone.

17.     On June 7, 2013, an addendum was incorporated into, and made part of, the written employment agreement with an effective date of February 15, 2012, between defendant The Pennsylvania State University and the plaintiff to reflect a clear hierarchy of command [see Addendum to Employment Contract dated June 7, 2013, attached hereto and marked Exhibit 2].

18.     On March 21, 2014, the term of the written employment agreement was extended to the date of June 30, 2017 [see Addendum to Employment Contract dated March 21, 2014, attached hereto and marked Exhibit 3].

19.     On October 1, 2014, upon a basis of the defendant The Pennsylvania State University's commitment to award merit increases in compensation to its employees, defendant The Pennsylvania State University increased the plaintiff's

annualized salary by 2.4%, equal to $188,928.00 [see Memorandum dated October 1, 2014, generated by Sandy Barbour, Director of Athletics attached hereto and marked Exhibit 4].

20.    An or about March 1, 2015, the plaintiff was promoted by defendant The Pennsylvania State University to serve as The Pennsylvania State University's Assistant Athletic Director, Sports Medicine Support Services pursuant to which he had the increased responsibility of overseeing athletic training services furnished to all of Thirty-One (31) Pennsylvania State University's varsity sports inclusive of some Nine Hundred (900) student-athletes.

21.    On May 18, 2017, at or about 10:00 am, at the location of the office of Senior Associate Athletic Director Charmelle Green, during the course of a regularly scheduled meeting, Senior Associate Athletic Director Charmelle Green represented to the plaintiff that his renewal contact was ready for execution and promised the plaintiff that his written employment agreement with the University and its then existing terms was to be renewed.

22.    Relying upon the promise of Senior Associate Athletic Director Charmelle Green that the terms and condition of the employment arrangement between the plaintiff and the University would be renewed, the plaintiff continued to work for the University with an understanding that the parties assented to another term of employment of his employment with the University under the same term of

length, present salary, and conditions of service pursuant to which the parties were operating.

23.     On or about June 30, 2017, the written employment agreement between the defendant The Pennsylvania State University and the plaintiff and its then existing terms expired.

24.     After June 30, 2017, the plaintiff remained on the job, without objection by defendant The Pennsylvania State University, serving as the Pennsylvania State University's Assistant Athletic Director, Sports Medicine Support Services, and Head Athletic Trainer for Football consistent with the terms of employment pursuant to which the parties were operating.

25.     After June 30, 2017, the plaintiff was paid compensation by and received benefits from defendant The Pennsylvania State University consistent with the written employment agreement with an effective date of February 15, 2012.

26.     The employment relationship between the plaintiff and defendant The Pennsylvania State University and its attendant terms and conditions continued uninterrupted from the date commencing the plaintiff's employment until February 6, 2018.

27.     The employment setting and the work environment of the plaintiff remained substantially similar and unchanged from the date commencing the plaintiff's employment until February 6, 2018.

## DEFENDANT THE PENNSYLVANIA STATE UNIVERSITY'S
## BREACH OF THE EMPLOYMENT AGREEMENT

28.    Plaintiff incorporates by reference the previous paragraphs of the Complaint as if set forth fully herein.

29.    On February 6, 2018, the plaintiff's compensation was unilaterally reduced by The Pennsylvania State University [see correspondence dated February 6, 2018, generated by Senior Associate Athletic Director Ms. Charmelle Green attached hereto and marked Exhibit 5].

30.    On February 6, 2018, the plaintiff was relieved of his assignment as The Pennsylvania State University's Assistant Athletic Director, Sports Medicine Support Services, which he had competently and professionally served.

31.    As a result of unjustified and illegitimate adverse employment actions taken against the plaintiff and the material breach of the employment agreement by defendant The Pennsylvania State University, the working conditions of the plaintiff became intolerable.

32.    During the course of the plaintiff's employment with the University the plaintiff's conduct never gave rise to a circumstance which would reasonably justify a determination that "cause", as defined within the meaning of the written employment agreement, existed to support the termination of the plaintiff's employment with the University.

## COUNT I
## BREACH OF CONTRACT
## (<u>Plaintiff v Defendant The Pennsylvania State University</u>)

33.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

34.    The contract employment existing between the plaintiff and defendant The Pennsylvania State University was for a definite period of time.

35.    The services of the plaintiff continued after the expiration of the term of the written employment agreement having an effective date of February 15, 2012, without objection of the parties.

36.    Upon the expiration of the term of the written employment agreement having an effective date of February 15, 2012, the parties defined their employment agreement by their performance.

37.    Upon the expiration of the term of the written employment agreement having an effective date of February 15, 2012, the parties assented to another contract for a term of the same length with the same salary and conditions of service.

38.    On February 6, 2018, defendant The Pennsylvania State University breached the plaintiff's employment agreement and addendums thereto by relieving the plaintiff without good cause of his assignment as The Pennsylvania State

University's Assistant Athletic Director, Sports Medicine Support Services which he had competently and professionally served.

39.     On February 6, 2018, defendant The Pennsylvania State University breached the plaintiff's employment agreement and addendums thereto by substantially reducing the plaintiff's compensation.

40.     As a direct and proximate result of defendant The Pennsylvania State University's breach of the plaintiff's employment agreement and addendums thereto the plaintiff has been caused to suffer a loss of income.

41.     As a direct and proximate result of defendant The Pennsylvania State University's breach of the plaintiff's employment agreement and addendums thereto the plaintiff has been caused to suffer a loss of employment benefits inclusive of: (1) the use of a vehicle through the Dealer Car Program; (2) payment of the costs of motor vehicle insurance; (3) payment of the costs of  health insurance; (4) payment of the costs of dental insurance; (5) payment of the costs of vision insurance; and (6) payment of the costs the usage of a cellar phone.

42.     As a direct and proximate result of defendant The Pennsylvania State University's breach of the plaintiff's employment agreement and addendums thereto the plaintiff has been caused to leave his employment, relocate his residency, and be isolated from a community of persons, colleagues, friends and a program which had become an integral part of his life.

43.     As a direct and proximate result of defendant The Pennsylvania State University's breach of the plaintiff's employment agreement and addendums thereto the plaintiff has been caused to suffer a loss of prestige and professional standing in the community.

WHEREFORE, the plaintiff demands of defendant The Pennsylvania State University judgment and the relief which follows:

I.      That plaintiff be awarded compensatory damages arising from the plaintiff's justifiable reliance;

II.     That plaintiff be awarded interest and damages for prejudgment delay;

III.    That plaintiff be awarded any other relief that this Court may deem fair and just.

## COUNT II
## PROMISSORY ESTOPPEL
### (Plaintiff v Defendant The Pennsylvania State University)

44.     The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

45.     Defendant The Pennsylvania State University made a promise to the plaintiff to renew the terms of his written employment agreement with the University.

46.     Defendant The Pennsylvania State University reasonably should have expected that making a promise to the plaintiff to renew the terms of the written

employment agreement existing between the plaintiff with the University and its terms would induce action or forbearance of the plaintiff.

47.     As a result of defendant The Pennsylvania State University's promise to the plaintiff to renew the terms of his written employment agreement with the University the plaintiff took the action of continuing to perform services on behalf of defendant The Pennsylvania State University serving as The Pennsylvania State University's Assistant Athletic Director, Sports Medicine Support Services, and Head Athletic Trainer for Football.

48.     As a result of defendant The Pennsylvania State University's promise to the plaintiff to renew the terms of his written employment agreement with the University, the plaintiff refrained from engaging in a search for replacement employment.

49.     As a result of defendant The Pennsylvania State University's promise to the plaintiff to renew the terms of his written employment agreement with the University, the plaintiff relied to his detriment an exercised financial decisions with a belief that plaintiff's employment and resulting compensation would be consistent with the renewal of the terms of his written employment agreement.

50.     As a result of defendant The Pennsylvania State University's promise to the plaintiff to renew the terms of his written employment agreement of the plaintiff, the plaintiff has been caused to suffer that injury and loss aforementioned.

51.    Injustice can be avoided only by enforcement of the promise made by the defendant The Pennsylvania State University to renew the terms of the written employment agreement which existed between the plaintiff and the University.

52.    Defendant The Pennsylvania State University is liable to the plaintiff pursuant to the provisions of the Section 90 of the Restatement (Second) of Contracts.

WHEREFORE, the plaintiff demands of defendant The Pennsylvania State University judgment and the relief which follows:

I.    Reinstatement of the terms of the written employment agreement between the plaintiff and the University;

II.    That plaintiff be awarded compensatory damages arising from the plaintiff's justifiable reliance;

III.    That plaintiff be awarded interest and damages for prejudgment delay;

IV.    That plaintiff be awarded any other relief that this Court may deem fair and just.

## JURY TRIAL DEMAND

53.    The plaintiff incorporates by reference the paragraphs above as if set forth herein in full.

54.    Trial by jury is demanded in the above-entitled cause.

Respectfully submitted,

By:   */s/ Steven F. Marino*
      Steven F. Marino, Esquire
      PA Attorney I.D. No.   53034
      Joseph Auddino, Esquire
      PA Attorney I.D. No.   316752
      MARINO ASSOCIATES
      301 Wharton Street
      Philadelphia, PA 19147
      Telephone:  (215) 462-3200
      Telecopier:  (215) 462-4763
      smarino@marinoassociates.net
      jauddino@marinoassociates.net

      *Attorneys for Plaintiff*

Dated: March 1, 2021