# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY T. BREAM, III,

        Plaintiff,

    v.

THE PENNSYLVANIA STATE
UNIVERSITY,

        Defendant.

No. 4:21-CV-00374

(Chief Judge Brann)

## MEMORANDUM OPINION

### SEPTEMBER 22, 2021

## I.     INTRODUCTION

On March 1, 2021, Plaintiff Henry T. Bream, III filed a two-count complaint against Defendant, The Pennsylvania State University ("Penn State"). These are breach-of-contract and promissory-estoppel claims predicated on this Court's diversity jurisdiction and brought under Pennsylvania law.

On May 3, 2021, Penn State filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is now ripe for disposition; for the reasons that follow, it is granted with prejudice. The case is dismissed without leave to amend.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted."  A motion to dismiss "tests the legal sufficiency of a claim"[1] and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Following the Roberts Court's "civil procedure revival,"[5] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[6] and *Ashcroft v. Iqbal*[7] tightened the standard that district courts must apply to 12(b)(6) motions.[8]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[9]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[1]    *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)).

[2]    *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

[3]    *Id.* at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

[4]    *Id.* at 327.

[5]    Howard M. Wasserman, *The Roberts Court and the Civil Procedure Revival*, 31 Rev. Litig. 313 (2012).

[6]    550 U.S. 544 (2007).

[7]    556 U.S. 662 (2009).

[8]    *Id.* at 670.

[9]    *Id.*

to relief that is plausible on its face.'"[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[12] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]  No matter the context, however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[15]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[16]  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

---

[10]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[11]   *Id.*
[12]   *Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (cleaned up).
[13]   *Twombly*, 550 U.S. at 556.
[14]   *Iqbal*, 556 U.S. at 679.
[15]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).
[16]   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

conclusions."[17]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

## III.   FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, Penn State hired Bream as its football program's Director of Athletic Training Services and Head Athletic Trainer.[20]   A written contract governed Bream's employment relationship with Penn State.[21]   Under this contract, Penn State would owe Bream a year's salary if it terminated him without cause.[22]

Eventually, Penn State promoted Bream to Assistant Athletic Director, responsible for overseeing all its athletic programs' training services.[23]   Penn State

---

[17]   *Iqbal*, 556 U.S. at 678 (internal citations omitted).

[18]   *Id.  See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[19]   *Connelly*, 809 F.3d at 787 (internal quotation marks and citations omitted).

[20]   Doc. 1 at ¶¶ 11–14.

[21]   *Id.*

[22]   Doc. 1, Exhibit 1 at ¶ 6.

[23]   Doc. 1 at ¶ 20.

continued to employ Bream even after his contract expired on June 30, 2017.[24]   But on February 6, 2018, Penn State removed Bream from his Assistant Athletic Director position and reduced his compensation.[25]   Bream resigned from Penn State the same day.[26]

On November 18, 2019, Bream sued Penn State, Athletic Director Sandy Barbour, and Senior Associate Athletic Director Charmelle Green in the Court of Common Pleas of Centre County, Pennsylvania.[27]   In this state-court complaint, Bream alleged wrongful constructive discharge, civil conspiracy, and intentional infliction of emotional distress.[28]   On May 5, 2020, the Court of Common Pleas dismissed Bream's case without prejudice, allowing Bream to amend his complaint.[29]   But Bream never filed an amended complaint.[30]

On March 1, 2021, Bream sued Penn State in this Court, alleging breach of contract and promissory estoppel.[31]   Penn State moved to dismiss Bream's complaint under Federal Rule of Civil Procedure 12(b)(6).[32]   That motion to dismiss is now before this Court.

---

[24]   *Id.* at ¶¶ 24–27.
[25]   *Id.* at ¶¶ 29–30.
[26]   Doc. 13, Exhibit B.
[27]   Doc. 13, Exhibit A.
[28]   *Id.*
[29]   Doc. 13, Exhibit C at 17.
[30]   Doc. 15 at 11.
[31]   Doc. 1.
[32]   Doc. 13.

## IV.   DISCUSSION

Penn State argues that res judicata bars Bream's claims. "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit."[33] "A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'"[34]

Penn State establishes all three elements of res judicata. First, the Court of Common Pleas dismissed Bream's complaint because his allegations were legally insufficient to state a claim.[35] Under Pennsylvania law, "[d]ismissal of an action for failure to state a claim is a final judgment on the merits."[36] Thus, the Court of Common Pleas's dismissal was a final judgment on the merits for res judicata purposes.

In dismissing Bream's complaint, the Court of Common Pleas addressed the merits of each of Bream's claims.[37] Such merits analysis further indicates that the dismissal was a final judgment on the merits for res judicata purposes.[38]

---

[33] *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted).

[34] *Id. See also Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 680–81 (Pa. Super. Ct. 1995) ("The doctrine of res judicata holds that '[a] final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action.'") (citation omitted).

[35] Doc. 13, Exhibit C.

[36] *Brown v. Cooney*, 42 A.2d 324, 326 (Pa. Super. 1982).

[37] Doc. 13, Exhibit C.

[38] *See DeHaven v. Armstrong World Indus. Inc.*, 42 Pa. D. & C.3d 516, 523 (Pa. Com. Pl. 1986) (holding that dismissal without prejudice was a final judgment on the merits for res judicata

Moreover, the Court of Common Pleas gave Bream twenty days to file an amended complaint.[39]  But Bream did not do so, thus concluding that case.[40]  This missed twenty-day deadline also demonstrates that the Court of Common Pleas issued a final judgment on the merits for res judicata purposes.[41]  Thus, Penn State establishes the first element of res judicata.

Second, Bream and Penn State were parties in the state-court case.[42]  Because this case involves the same parties, Penn State establishes the second element of res judicata too.

Third, the causes of action are the same.  "Identity of two causes of action may be determined by considering the similarity in the acts complained of and the demand for recovery, as well as the identity of the witnesses, documents and facts alleged and whether the same evidence is necessary to prove each action."[43]  "A

---

purposes because it "addressed the merits of each of the causes of action") (citing *Fiumara v. Am. Sur. Co. of New York*, 31 A.2d 283, 287 (Pa. 1943)).  *See also Roe v. Pennsylvania Game Comm'n*, No. 1:17-CV-186, 2018 WL 1296478, at *8 (M.D. Pa. Mar. 13, 2018) ("Roe argues that the Commonwealth Court's decision was not a final judgment on the merits because the court dismissed Roe's complaint without prejudice.  This argument is unavailing.").

[39]  Doc. 13, Exhibit C at 17.

[40]  Doc. 15 at 11.

[41]  *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) ("The District Court dismissed *Hoffman I* without prejudice for failure to state a claim—a decision on the merits— and provided Hoffman 30-days' leave to amend.  When that 30-day period expired, the District Court's decision became final. . . . Thus, we conclude that all three elements of claim preclusion are satisfied.").  *Cf. Smith v. Kershentsef*, 843 F. App'x 447, 449 (3d Cir. 2021) ("As it stands before us, we cannot read the District Court's dismissal as having ripened into a dismissal with prejudice, since neither the District Court's opinion nor the order provided a deadline for Smith to amend his FDCPA claim and plead sufficient facts for relief.").

[42]  Doc. 13, Exhibit A.

[43]  *Swift v. Radnor Twp.*, 983 A.2d 227, 232 (Pa. Commw. Ct. 2009).

party cannot escape operation of the bar of res judicata by varying the form of action or adopting a different method of presenting the case."[44]

Bream's state and federal complaints concern the same acts: his salary reduction and removal from the Assistant Athletic Director position.[45]   And both complaints demand the same relief: money damages.[46]   Both complaints therefore assert the same causes of action, and res judicata applies.

Bream counters that the Court of Common Pleas never considered the contractual and promissory theories of liability he raises here.[47]   Indeed, Bream did not assert these theories of liability in the Court of Common Pleas.[48]   But "*[r]es judicata* is not limited to the specific issues raised and decided in the prior proceeding and also bars matters that could have been raised and decided in the prior proceeding."[49]   Because Bream could have claimed breach of contract and promissory estoppel in the Court of Common Pleas, res judicata bars those claims in this Court.   Accordingly, Bream's claims are dismissed.

---

[44]   *Id.*

[45]   *Compare* Doc. 1, *with D*oc. 13, Exhibit A.

[46]   *Id.*

[47]   Doc. 15 at 11, 14–15.

[48]   *Id.* at 10 ("The Plaintiff's Common Law Breach of Contract and Promissory Estoppel Claims Were Not Asserted in A Prior Law Suit . . . .").

[49]   *Heart Care Consultants, LLC v. Albataineh*, 2020 PA Super 212, 239, *appeal denied*, 250 A.3d 1161 (Pa. 2021).

## V.    CONCLUSION

Penn State's motion to dismiss pursuant to Rule 12(b)(6) is granted with prejudice.  Leave to amend is not granted.  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[50]  A complaint is "futile" if even, as amended, it would fail to state a claim upon which relief could be granted.[51]  Amendment would be futile here because res judicata bars Bream's claims.[52]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[50]   *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[51]   *Id.*

[52]   *See Russomanno v. Dugan*, No. 21-2004, 2021 WL 4075790, at *4 (3d Cir. Sept. 8, 2021) ("Res judicata thus bars [Plaintiff's] claims, and the District Court did not err in determining that amendment would be futile."); *see also Shah v. United States*, 540 F. App'x 91, 95 (3d Cir. 2013) ("These claims would also be barred by res judicata, and, thus, amendment would be futile.").